IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ROBERT BLAKE**,

       **Plaintiff,**

v.                                           Case No.:  2:11-cv-00137

**MARY E. STANLEY,**

       **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge and, by Standing Order, has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, Robert Blake, a long-term prisoner at Mount Olive Correctional Complex, has filed twenty-six civil actions in this Court since October 2009.  Of particular note, two of the cases have been dismissed for failure to state a claim and another two have been dismissed as frivolous.[1]

On February 28, 2011, Plaintiff filed the Complaint herein seeking a writ of mandamus[2] compelling a United States Magistrate Judge to order the trustee clerk of Mount Olive Correctional Complex to "put money back on my account where thay [sic]

---

[1] These cases include *Blake v. Miller,* Case No. 2:10-cv-0031; *Blake v. Perry,* Case No. 2:10-cv-0923; *Blake v. Allen,* Case No. 2:10-cv-1089; *and Blake v. Ballard* Case No. 2:10-cv-1152.

[2] The Complaint was filed *nunc pro tunc* by Order entered on March 2, 2011 by the Honorable Mary E. Stanley, United States Magistrate Judge.  The undersigned has construed the complaint liberally in view of Plaintiff's *pro se* status.

overcharg [sic] me for the universal remote." At the same time, Plaintiff filed an Application to Proceed without Prepayment of Fees and Costs (Docket No. 2).

By Order entered May 6, 2011, the undersigned denied Plaintiff's Application on the basis of the "three strikes" provision of the Prison Litigation Reform Act of 1995 ("PLRA") and instructed Plaintiff to pay the requisite filing fee no later than June 6, 2011. Pursuant to this provision, a prisoner shall be precluded from proceeding *in forma pauperis* "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Here, Plaintiff has more than three such dismissals and states no facts to support a conclusion that he is in imminent danger of serious physical injury.

On May 10 and 11, 2011, the Clerk of Court docketed two letters sent by Plaintiff in which he requested that the Clerk place a lien on unnamed property he allegedly owns in Wetzel County, West Virginia in lieu of paying the filing fee.[3] Plaintiff's request was denied by Order of the presiding District Judge entered on June 3, 2011, in which he stated, "[T]his Court is not a bank and its role is not to barter land for outstanding filing fees."[4] Despite this refusal and the prior denial of Plaintiff's *in forma pauperis* application herein, Plaintiff persists in his failure to pay the filing fee as ordered by this

---

[3] The letters referred to multiple civil actions pending at the time, in which payment of the filing fee had been ordered by the Court, but had not been made by Plaintiff. Consequently, the letters were docketed in all of the civil actions mentioned by Plaintiff, including this case.

[4] The Order was entered in fourteen of the civil actions previously mentioned and is docketed in each case. *See, e.g., Blake v. Trustee Clerk Abbie Hart,* Case No. 2:10-cv-1124 at Docket No. 17. Although the instant case is not expressly included in the Order, the prior refusal of the Court to consider placing a lien on Plaintiff's property is relevant to the undersigned findings and recommendations.

Court.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, while incarcerated or detained in a correctional facility, Plaintiff has previously filed three or more civil actions in a court of the United States that have been dismissed as frivolous, malicious, or for failure to state a claim and is, therefore, subject to the "three strikes" provision of the PLRA. The undersigned further proposes that the presiding District Judge **FIND** that the facts alleged in the present case do not indicate that Plaintiff is in imminent danger of serious physical injury, which would justify an exception to his obligation to pay the filing fee, and that the Plaintiff has failed to pay the fee as ordered by the Court. It is respectfully **RECOMMENDED** that this civil action be dismissed and removed from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties, District Judge Johnston, and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and Defendant.

**FILED**:  June 23, 2011.

Cheryl A. Eifert
United States Magistrate Judge